**UNITED STATES of America**

**v.**

**Jean Des MARTEAU Sean McQuade.**

**No. 94–87–Cr–J–20.**

United States District Court,
M.D. Florida,
Jacksonville Division.

June 29, 1995.

See also, 162 F.R.D. 364.

Ernst D. Mueller and Jim Klindt, U.S. Attorney's Office, Jacksonville, FL, for the U.S.

---

James H. Burke, Jr., Federal Public Defender, Jacksonville, FL, for Jean Des Marteau.

Quentin T. Till, Jacksonville, FL, for Sean McQuade.

## ORDER

SCHLESINGER, District Judge.

On April 26, 1995, the Magistrate Judge entered an Order (Doc. No. 166) granting in part Defendant's Joint Motion for Taking of Witness Depositions (Doc. No. 139) to the extent the Defendants may depose witness Simard, Fortin, Belanger, Broduer, Dumont, Fontaine, Beaudoin, Patterson and Tomeo. Otherwise, Judge Snyder denied the remainder of the Motion. In that same Order, since counsel for Defendant's verbally consented to use of the Mutual Legal Assistance Treaty, the Motion for Letters of Rogatory (Doc. No. 140) was mooted. Judge Snyder denied Defendants' request to be physically present at these depositions, but held that the Government would ensure their presence at the depositions via live telephonic lines so the Defendants could converse with their attorneys, who will be present at the depositions. Furthermore, the Judge held that the depositions should be recorded on video and audio tape and that an interpreter be present for those witnesses who do not speak English.

On May 8, 1995, the Government filed an Appeal From Order of Magistrate Judge on Pretrial Depositions (Doc. No. 170). Defendants filed a Notice of Cross-Appeal (Doc. No. 176) on May 31, 1995, and a Memorandum in Support of Defendants' Physical Presence During Taking of Depositions (Doc. No. 179). The United States' Supplemental Memorandum Regarding the Taking of Foreign Depositions (Doc. No. 180) was filed June 20, 1995.

As an initial matter, the Motion to Extend Filing Time By One Day (Doc. No. 181, filed June 21, 1995) is **GRANTED** and the Clerk is directed to file Defendant Des Marteau's Memorandum of Law Re: Pretrial Depositions attached to this Order.

As stated at the Status Conference held before the undersigned on June 27, 1995, it **ORDERED AND ADJUDGED:**

██ (1) Judge Snyder's Order (Doc. No. 166) is **AFFIRMED** in all respects except with respect to the list of police officers that the Government says it is going to produce at the trial. Defendants can call these witnesses as witnesses in their case. Thus, the depositions of these police officers are excluded from Judge Snyder's Order since no exceptional circumstances now exist to have their testimony preserved. There is no constitutional right for a defendant to confront his own witnesses at a Rule 15 deposition. Everything else will remain as Judge Snyder stated in his Order (Doc. No. 166). The denial of Defendants' request to be transported to Canada shall remain.

(2) The Government has up to and including Noon on June 30, 1995, to:

(a) turn over the telephone records mentioned at the June 27, 1995, Status Conference, to defense counsel; and

(b) play the original tape mentioned at the Status Conference to the two defense attorneys.

**DONE AND ENTERED.**